# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DIANE BANDSUCH,

        Plaintiff,

-vs-                                                          Case No. 2:05-cv-305-FtM-99SPC

WERNER ENTERPRISES, INC.; PERCY L. JOHNSON,

        Defendants.

_____

## **ORDER**

This matter comes before the Court on the Plaintiff, Diane Bandsuch's Motion to Compel Production (Doc. #308 ) filed on May 18, 2010; the Defendants, Werner Enterprises, Inc. and Percy L. Johnson's Renewed Motion for Protective Order Based on Federal Rule of Civil Procedure 26(c), and Response to the Plaintiff's Motion to Compel (Doc. # 311) filed in May 27, 2010.

The Plaintiff served Defense Counsel with four (4) requests for production. The requests are listed as follows:

> 1. All billing records that show the amount of time spent by Edward Nicklaus, Esquire, or any member the Nicklaus & Associates Law Firm in this case from June 30,2006, to date of your response to this request.
>
> 2. All other types of records, checks, notes, or other types of documents that show the amount of time spent by Edward Nicklaus, Esquire of any member the Nicklaus & Associates Law Firm in this case from June30,2006, to date of your response to this request.
>
> 3. All other types of records, checks, notes or other types of documents that show the time that was spent by any legal assistant, paralegal or other paraprofessional or any employee, agent or representative of the Nicklaus &

> Associates Law Firm, from June 30,2006, to the date of your response to this request.
> 4. All documents of any description whatsoever that evidence the costs or expenses of any kind that were incurred by the Werner Enterprises, Inc., a Corporation, and Percy L. Johnson, or its attorneys, in the handling of this matter from June 30,2006, to the date of your response to this request.

The Defendants objected to the four different requests in Plaintiffs Request for Production on the basis that these requests seek information that is clearly non-discoverable attorney work product and attorney-client privileged material; the requests are not directed to a party in this case; the requests are overly broad in nature; the requests are irrelevant to any issue currently before the Court; and the discovery cutoff occurred prior to the trial in this case. The Defendants thus, move the Court for a protective order to block the discovery.

On April 28, 2010, the Court issued a Protective Order (Doc. # 274), stating that the Motion to Compel the very same information was irrelevant and not related to post judgment discovery. The Plaintiff has presented no new evidence that would persuade the Court to overturn its previous determination regarding the discovery request or lift that Protective Order. Thus, the Motion to Compel is due to be denied.

The Defendant also moves for a protective order. A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)) A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss

of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. V. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001). When issuing a protective order the Court must articulate its reasons for granting the protective order sufficient to allow for appellate review. Additionally, the Court must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. In Re Alexander Grant & Co. Litigation, 820 F.2d 352, 355, 357 (11th Cir. 1987).

The Defendant's Motion for a Protective Order is granted. As noted in the Court's previous Protective Order (Doc. # 274) the discovery request are simply not relevant to any post judgment discovery.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff, Diane Bandsuch's Motion to Compel Production (Doc. #308 ) is **DENIED**.

(2) The Defendants, Werner Enterprises, Inc. and Percy L. Johnson's Renewed Motion for Protective Order Based on Federal Rule of Civil Procedure 26(c), and Response to the Plaintiff's

Motion to Compel (Doc. # 311) is **GRANTED**. The Discovery Request delineated above do not have to be answered nor the requested records produced.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th    day of July, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record